UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANEELA GHOURI,

    Plaintiff,

    v.

JOHNSON & JOHNSON LONG TERM DISABILITY PLAN, et al.,

    Defendants.

_____/

No. C 08-4612 PJH

**ORDER GRANTING SUMMARY JUDGMENT**

Defendants' motion for summary judgment came on for hearing before this court on July 1, 2009. Plaintiff Aneela Ghouri ("plaintiff"), appeared through her counsel, John N. Frye. Defendants Johnson & Johnson Long Term Disability ("LTD") Plan ("the Plan"), and Reed Group ("Reed")(collectively "defendants"), appeared through their counsel, Richard J. Pautler. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion for summary judgment, for the reasons stated at the hearing, and summarized as follows.

    1.    The parties concede, and the court agrees, that abuse of discretion review is appropriate, pursuant to the express language of the Plan. See, e.g., Declaration of Richard McDonald ISO Def. MSJ, Administrative Record at Ex. A ("AR") at 0234 (Plan fiduciary has "sole authority" to "[e]xercise its discretion to determine eligibility for benefits, to construe and interpret the provisions of the Plan and to render conclusive and binding decisions and determinations based thereon"); Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, (9th Cir. 2006)(""for a Plan to alter the standard of review from the default of de novo to the more lenient abuse of discretion, the Plan must unambiguously provide

discretion to the administrator"). Moreover, defendants note and plaintiffs do not dispute that the Plan, administered by defendant Reed Group, is funded entirely by employee contributions. See AR at 0237. Thus, there is no evidence that defendants both administer and fund benefits under the Plan, as would be required to establish the type of structural conflict in the record that would warrant a high level of skepticism in the abuse-of-discretion analysis. See Abatie, 458 F.3d at 965 (a structural conflict of interest exists where "an insurer [] acts as both the plan administrator and the funding source for benefits"); id. at 967-68 (normally, any evidence of conflict of interest must be weighed "as a factor in abuse of discretion review," requiring a "case-by-case" balancing).

2. Applying abuse of discretion review here, and with no evidence in the record establishing a conflict of interest, the critical question to be resolved is whether defendants properly terminated plaintiff's LTD benefits. Under the abuse of discretion standard, the court can set aside the administrator's discretionary determination only when it is arbitrary and capricious. See Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 875 (9th Cir. 2004)("[A] decision grounded on any reasonable basis is not arbitrary or capricious, and that in order to be subject to reversal, an administrator's factual findings that a claimant is not totally disabled must be clearly erroneous.")(citation and quotation omitted); see also Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1123 (9th Cir. 1998)(abuse of discretion analysis depends on whether defendants had a "reasonable basis" for the decision denying benefits).

3. Here, there is little evidence to support a finding that the decision to terminate plaintiff's LTD benefits was arbitrary or capricious. In a provision describing covered benefits, the Plan states: that LTD benefits are payable under the Plan for a period of Total Disability provided that the participant's application for benefits is approved; and that without limiting these rights, failure or refusal of a participant to "supply any information required by the Plan Administrator and/or its authorized representative in the evaluation of a claim... " shall constitute "grounds for termination of benefits under the Plan at the sole

discretion of the Plan Administrator or its authorized representative." See AR at 0223. Critically, the Plan also contains an exclusionary provision expressly stating that "notwithstanding any other provision of this Plan, in no event shall a Participant be considered Totally Disabled or remain Totally Disabled for purposes of this Plan, and *no benefit under this Plan shall be payable*... on or after the date a Participant fails or refuses to provide medical certification or other proof *within 15 days* of receipt of a written request from the Plan Administrator...". Id. at 0227 (emphasis added).

It is undisputed that on January 3, 2007, defendant Reed sent plaintiff a letter directing plaintiff to provide Reed with an updated Attending Physicians Statement, updated medical records, and signed medical release authorizations allowing Reed to obtain updated medical records, and that Reed's letter to plaintiff expressly warned that benefits would be terminated unless the requested information was returned no later than 30 days from the date of the letter. AR 0109-117. It is equally undisputed that plaintiff failed to respond to defendant's letter within the 30 day time frame set forth in the letter. Indeed, plaintiff submitted no response until February 22, 2009 – more than seven weeks after the initial letter, and two weeks after defendant Reed's February 8 letter terminating benefits and explaining that the termination was due to plaintiff's failure to provide proof of continuing disability. See AR 0118, 0120-23. Thus, there is no dispute that defendants terminated plaintiff's benefits after (a) Reed requested updated medical certification or other proof from plaintiff; (b) Reed informed plaintiff that failure to provide the requested information within the appointed time frame would result in termination of LTD benefits; and (c) plaintiff failed to provide such information within 15 days (or even within 30 days). In light of these facts, defendants' termination of plaintiff's benefits cannot be deemed unreasonable, as it was consistent with the plain language of the Plan. See, e.g., Bendixen v. Standard Ins. Co., 185 F.3d 939, 944 (9th Cir. 1999)(an ERISA administrator abuses its discretion only if it renders a decision without explanation, construes provisions of the plan in a way that conflicts with the plain language of the plan, or relies on clearly erroneous

findings of fact); see also Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005) (the district court should uphold the decision of an ERISA plan administrator "if it is based upon a reasonable interpretation of the plan's terms and was made in good faith").

Indeed, even after plaintiff had missed both the 15 day deadline imposed by the Plan and the 30 day deadline provided by Reed in its January 3 letter, defendants nonetheless construed plaintiff's subsequent letters and supplementary evidence as appeals of defendants' decision to terminate benefits based on failure to provide updated medical information, and allowed plaintiff to pursue her claim that she "was experiencing cognitive dysfunction or that [she] was incapacitated in a way which would preclude [plaintiff's] ability to supply medical records timely." See AR 0175. Defendants then engaged in a good faith review of plaintiff's supplemental evidence, including the report submitted by Dr. Feusner, and even conducted an Independent Medical Evaluation (IME) to assist in determining plaintiff's "true cognitive ability." See, e.g., AR 0179, 0184, 0015-36. The results of the IME, which were reported by Dr. Friedman, indicated that while some impairment was noted with respect to plaintiff's "specific cognitive and/or emotional problems," plaintiff exhibited a tendency to exaggerate her symptoms and had inconsistent results on testing – including a certain testing in which plaintiff scored in "a high average range." AR 0033-34. Under the foregoing circumstances, defendants' ultimate decision to uphold their decision terminating plaintiff's benefits based on failure to provide timely medical records cannot be deemed arbitrary or capricious.

4. Finally, the court is unpersuaded by plaintiff's contrary suggestions that (1) defendants waived reliance on the 15 day time limit set forth in the Plan by voluntarily imposing a 30 day time limit in their initial January 2007 letter to plaintiff, and (2) that defendants waived their right to terminate plaintiff's LTD benefits based on plaintiff's failure to supply medical records by requesting an IME as to issues related to plaintiff's broader claim of disability. Plaintiff has presented no controlling legal authority or argument in

4

support of the claim that a voluntary enlargement of time under the Plan precludes defendants from enforcing a lesser response time that is nonetheless clearly provided for in the Plan, nor that the request of an IME as to a broader claim of disability precludes defendants from relying on procedural Plan provisions to enforce a termination of benefits justified under those provisions.

In sum, the record before the court establishes that the defendants' determination was reasonable, made in good faith, and fully complied with ERISA's requirements. In accordance with the foregoing, the court GRANTS defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: July 17, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge